## DAVID G. THOMAS v. THOMAS BARLOW.

Decided July 23, 1927.

**Negligence—Injury to a Player in a Basketball Game by a Member of a Contesting Team—Plaintiff Alleged That the Injury was the Result of No Part of the Playing—Plaintiff Denied Personal Knowledge of the Cause of the Injury—Held, That the Verdict for the Plaintiff was Contrary to the Great Preponderance of the Evidence.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the rule, *William A. Moore* and *Henry M. Hartmann.*

PER CURIAM.

The plaintiff sued to recover compensation for injuries which he claims to have received while engaged in a game of basketball at Greenpoint, Long Island, in December, 1925. He was a member of the Perth Amboy team. The defendant was a member of the contesting team. The plaintiff's claim was that during the game the defendant, without any reason, so far as the playing of the game was concerned, deliberately struck him with his fist in the jaw, thereby fracturing the jawbone, and seriously injuring him. The defendant denied that he had done anything of the kind, and insisted that, if he was the cause of the plaintiff's injury, his act was entirely unintentional, and that he had no knowledge that he had struck the plaintiff. The trial resulted in a verdict in favor of the plaintiff, the jury awarding him $3,000. Thereupon, a rule to show cause was allowed to the defendant.

Our examination of the testimony sent up with the rule satisfies us that this verdict was contrary to the great preponderance of the evidence, which clearly indicates that, if the injury which the plaintiff claimed to have received was

the result of a blow delivered by the defendant, the blow was entirely accidental and not the result of any preconceived purpose on the part of the defendant.

Reaching this conclusion, we have found it unnecessary to consider the other grounds advanced by the defendant for making the rule absolute.

The verdict under review will be set aside and a new trial ordered.